UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-473-H

STRAIGHT-OUT PROMOTIONS, LLC                                          PLAINTIFF

V.

BREARLY (INTERNATIONAL) LIMITED                                      DEFENDANT

**MEMORANDUM OPINION**

Straight-Out Promotions, LLC, a Kentucky limited liability company engaged in the business of boxing promotion, seeks damages for breach of contract and unjust enrichment from Brearly (International) Limited, a foreign media broadcast distributor.  This dispute arises out of a July 30, 2004 fight card featuring a "main event" bout between a former heavy weight champion, Mike Tyson, and Danny Williams, a heavy weight boxer from England, which took place at Freedom Hall in Louisville, Kentucky (the "Tyson fight").  Based upon the assertion that the parties agreed upon Gibraltar as the proper forum for any litigation, Brearly has moved to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3).  Plaintiff and Defendant have submitted supplemental memoranda in support of their respective positions, and the Court had the benefit of excellent oral argument on this motion.

This litigation involves one part of the business surrounding the Tyson fight, specifically the contract for the fight's international broadcast rights.  Straight-Out says that it granted Brearly rights to broadcast the fight card internationally through various media networks in all but those markets where the domestic distributor, Showtime Networks, broadcast the fight. Brearly's present motion presents the question of whether a United States court is the proper

forum to resolve those claims. Brearly says that a forum selection clause requires a Gibraltar forum and that the Court should enforce the clause by dismissing this case. Straight-Out responds that it seeks to enforce a contract in this litigation based on the course of dealings between the parties as well as Brearly's June 14 emails as they are modified by Brearly's letter of June 24, 2004 and the executed Assignment of July 26, 2004, none of which contain the forum selection clause in question.[1] To evaluate this motion, the Court must determine whether the parties actually agreed upon a forum selection clause that governs the claims Straight-Out makes against Brearly.

I.

The most difficult problem facing the Court is to make some sense of the negotiations, understandings or writings that these parties exchanged concerning the Tyson fight.

During June and July of 2004, Straight-Out and Brearly continually negotiated the terms of a contract. In the course of negotiations there were three written distribution agreements passed back and forth.[2] On June 14, 2004, Brearly emailed Straight-Out concerning the basis of an agreement. That email did not include a forum selection clause. On June 24 Brearly sent a letter of modification to Straight-Out. An unsigned written Distribution Agreement dated June 25, 2004, includes a forum selection clause which provides:

> 13.2 This Agreement, its interpretation performance or any breach thereof shall be construed in accordance with the laws of Gibraltar and the jurisdiction of the

---

[1] Brearly's June 14, 2004 emails are appended to Plaintiff's Complaint as Exhibit D; Brearly's Letter of June 24, 2004 is appended to Plaintiff's Complaint as Exhibit A; the July 26, 2004 Assignment in favor of Showtime Networks signed by both Brearly and Straight-Out is appended to Plaintiff's Complaint as Exhibit E.

[2] The written Distribution Agreement of June 25, 2004 is appended to Defendant's Request for Oral Argument as Exhibit A; The written Distribution Agreement of July 5, 2004 is appended to Plaintiff's Complaint as Exhibit B; The written Distribution Agreement of July 23, 2004 is appended to Defendant's Request for Oral Argument as Exhibit C.

2

>       Gibraltar courts.

Neither party executed this draft.

The same provision was included in a July 5 Distribution Agreement which Straight-Out signed on July 16, 2004, and purportedly returned to Brearly for signature. Brearly never signed that draft and denied having received an executed copy of it. In a July 19 e-mail, Straight-Out objected to, among other things, the provision designating Gibraltar as the forum to litigate disputes over the Agreement. Counsel for Brearly responded that "[m]y initial thought is that the jurisdiction will need to remain in Gibralter for the banks purposes...." Finally, a July 23 Draft Distribution Agreement was tendered containing the following provisions:

>   13.2    This Agreement, its interpretation performance or any breach thereof shall be construed in accordance with the laws of Gibraltar and the jurisdiction of the Gibraltar courts.

And,

>   **15      Jurisdiction**
>
>           This Agreement is to be interpreted in accordance with the Laws of Gibraltar and the Parties submit to the exclusive jurisdiction of the Gibraltar courts.

Neither party signed this draft. Nevertheless, its terms as well as the terms of other drafts and written evidence of negotiations are some evidence of the parties' intent.

II.

Defendant has moved to dismiss this case in its entirety for improper venue pursuant to Fed.R.Civ.P. 12(b)(3). There is significant disagreement between the parties about whether a motion to dismiss to enforce a forum selection clause should be brought pursuant to Fed.R.Civ.P. 12(b)(3) or Fed.R.Civ.P. 12(b)(6). Under Fed.R.Civ.P. 12(b)(3), the burden falls on the plaintiff

to show that the current venue is proper. *GCG Austin, Ltd. v. City of Springboro, Ohio*, 284 F.Supp.2d 927, 292 (S.D. Ohio 2003); *see also Weller v. Cromwell Oil Co.,* 504 F.2d 927 (6th Cir. 1974). When evaluating a motion to dismiss for improper venue, a court should consider the allegations set forth in the plaintiff's complaint as well as matters falling outside of the complaint presented by the parties. *Argueta Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir. 1996). Under Fed.R.Civ.P. 12(b)(6), the Court would be required to assume the truth of the allegations asserted in the Plaintiff's complaint. *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001). This difference is of little consequence to the Court's analysis because in either case the evidence is insufficient to impose a forum selection clause on this dispute.

Under a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the forum selection clause is unenforceable because none is alleged in the facts of the plaintiff's complaint. Even looking at a matters outside the complaint the Court still finds the preponderance of the evidence to support venue in this district. Moreover, because the Court concludes that there is not sufficient evidence that the forum selection clause was a term agreed to by both parties, no opinion on the proper procedure for enforcing a forum selection clause is necessary.[3] Nevertheless, without resolving the issue of the proper procedural vehicle for bringing such a claim, the Court will analyze Brearly's motion to dismiss in the manner in which it was styled, i.e., under

---

[3] For an extended discussion of the issues regarding the proper procedure for presenting a claim that an action is filed in a forum other than that designated in a contract's forum selection clause *see generally, Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227 (6th Cir. 1995); *Kerabo v. Southwestern Clean Fuels, Corp.,* 285 F.3d 531, 535 (6th Cir. 2002); *Heinz v. Grand Circle Travel*, 329 F.Supp.2d 896 (W.D. Ky. 2004)(Moyer, Magistrate J.)(dismissal is appropriate with a specific authorizing rule because the parties had agreed that some other forum was more convenient).

Fed.R.Civ.P. 12(b)(3).[4]

### III.

Brearly seeks dismissal based on the forum selection clause found in each of three written distribution agreements and an email exchange discussing the choice of forum. At the same time Brearly intends to rely on only the last unsigned agreement of July 23 for the other relevant contract terms. To rely on the July 5 draft would be to submit to payment provisions, Brearly specifically denies. Straight-Out, on the other hand, while steering clear of the draft distribution agreements and their at the very least proposed forum selection clauses asserts a breach of contract claim based solely on the course of dealing between the parties, including the June 14 email and subsequent modifying letters. Both sides agree that the Assignment dated July 26 is part of their contract. Both Brearly and Straight-Out executed this agreement to assign a portion of Straight-Out's right to payment from Brearly to its creditor Showtime Networks. The Assignment makes reference to "the distribution agreement" but does not specify which one or if a written distribution agreement is meant or not.

As a general rule, courts should enforce forum selection clauses in commercial contracts freely entered into by sophisticated parties and "unaffected by fraud, undue influence, or overweening bargaining power." *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 12 (1972). The issue of whether to enforce a forum selection clause as well as the interpretation of its

---

[4] Plaintiff refers the Court to *Kerabo v. Southwestern Clean Fuels, Corp.,* 285 F.3d 531, 535 (6th Cir. 2002) for the proposition that a claim that an action is filed in a forum other than that designated in a contract's forum selection clause may not be raised in a Rule 12(b)(3) motion. The Court finds many dissimilarities between this case and *Kerabo.* E.g., this case is not removed to federal court from state court and the choice is not between two states, California and Michigan, as in *Kerabo* but between an action in the United States and dismissal. The court in *Kerabo* takes pains to not overrule its holding in *Shell* and confines its ruling to actions removed from state court to federal court which this action is not.

language are questions of federal common law.[5] *Hayneworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997); *Argueta v. Banco Mexicano, S.A.* 87 F.3d 320, 324-325 (9th Cir. 1996); *Bonny v. Society of Lloyd's*, 3 F.3d 156, 159 (7th Cir. 1993). Straight-Out does not argue that the forum selection clause was procured by fraud or overreaching or that enforcement of the clause would be a grave inconvenience. It argues, this Court thinks credibly, that the forum selection clause was quite simply not part of a final agreement between the parties. While the enforceability of a international forum selection clause may be governed by federal law, the issue of whether an alleged term is part of a purported contract is a matter of state law. In this manner a purported forum selection clause is no different from any other contested term. Whether the forum selection clause was an agreed to term of the parties' contract is the issue before the Court.

IV.

Under Kentucky law, four elements must be present for an enforceable contract to exist. First, the parties must have the capacity to enter into a contractual agreement. Second, the parties must manifest their assent to be bound by the terms of the agreement. Put another way, there must be a "meeting of the minds" on the terms of the agreement. Third, to be enforceable the contract must have a legal purpose. Finally, there must be valid and sufficient consideration. The only element in question with regard to the forum selection clause is whether there was a meeting of the minds, i.e., whether it was agreed to by both parties.

The primary test of the scope and character of an alleged contractual relationship is the intent of the parties. To be sure, a contract need not be in writing. Where all of the substantial

---

[5]Notably, in cases cited by Brearly discussing the modern view of forum selection clauses in the wake of *Bremen*, there is not one case where the formation of the clause is called into question. In all of these cases, a previously agreed to forum selection clause is subsequently challenged on public policy grounds. This case presents the distinct question of whether a forum selection clause was ever in fact agreed to by the parties.

6

terms of a contract have been agreed upon and there is nothing left for future settlement, the parties failure to write down their promises as a convenient memorial does not leave the transaction incomplete. *Dohrman v. Sullivan*, Ky., 220 S.W.2d 973 (1949). In *Dohrman*, after noting the difficulty in distinguishing between preliminary negotiations and final and complete mutual assent, the court concluded that "the question of whether there was a consummated contract is to be determined from the consideration and practical construction of all the separate letters or telegrams that make up the whole correspondence." *Id.* at 975.

      Here, the intent of the parties with respect to the forum selection clause is unclear. Straight-Out seeks to enforce a contract it claims is made up of the course of dealings between the parties as well as Brearly's June 14 emails as they are modified by Brearly's letter of June 24, 2004 and the executed Assignment of July 26, 2004. The parties never mutually executed or mutually accepted a written agreement containing a forum selection clause. Indeed, it is not clear whether relations between the parties is governed by any one written agreement or whether an e-mail contains the only known agreed-upon terms. That cannot be known until a trial of this case.

      The burden of proof shall lay, as in enforcing any other contract provision, on the party seeking enforcement. Here Brearly seeks enforcement of a term to which Straight Out denies agreeing. The Court has not taken the factual allegations in Plaintiff's complaint as true. Even so, the weight of the evidence in the record supports the conclusion that there was no meeting of the minds on any of the written distribution agreements much less a forum selection clause. Where there is no written contract, courts may still determine the essential terms of a contract. In doing so, Kentucky courts recognize a contract implied in fact, "shown by evidence of facts

7

and circumstances from which a meeting of the minds concerning the mutual promises may be reasonably deduced." *Perkins v. Daugherty*, Ky. App., 722 S.W.2d 907, 909 (1987); *see also Rehm-Zeiher Co. v. F.G. Walker Co.*, Ky., 160 S.W. 777, 782 (1913)(citing *Louisville & Nashville R.R. Co. v. Coyle*, Ky., 97 S.W. 772 (1906))(where the only obstacle to validity of the contract was that the minds of the parties had never met, this obstacle was eliminated by the conduct of the parties in tendering and accepting performance). The existence of a forum clause is certainly not essential to the agreement. Absent actual agreement, it is not necessary that the Court create such a term.

Moreover, the forum selection clauses in question only govern, by their terms, a dispute under a particular agreement. Enforcing a forum selection clause merely proposed during protracted and contentious negotiations is not mandated by the Supreme Court's ruling in *M/S Bremen* or the Sixth Circuit's subsequent decisions following that ruling. 407 U.S. 1 (1972); *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531 (6th Cir. 2002); *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227 (6th Cir. 1995). The forum selection clause in the July 23 written but unexecuted distribution agreement provides for the "exclusive jurisdiction of the Gibraltar courts" and that "[t]his Agreement is to be interpreted in accordance with the Laws of Gibraltar." The dispute between the parties in this case does not involve the interpretation of the written Distribution Agreement because Straight-Out claims damages based on Brearly's breach of a contract that does not include the written Distribution Agreements.

In the absence of an applicable forum selection clause, venue is governed by 28 U.S.C. § 1391 which provides that an action in which jurisdiction is founded only on diversity of citizenship may be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

*28 U.S.C. § 1391(a).* Venue is proper in this district both because a substantial part of the events giving rise to the dispute occurred in Louisville and because Brearly was subject to personal jurisdiction at the time the action was commenced.

The Court will enter an order consistent with this Memorandum Opinion.

cc:  Counsel of Record